**UNITED STATES of America,**

v.

**Haven R. PHILLIPS, Defendant.**

**Criminal No. 97–0037 (PLF).**

United States District Court,
District of Columbia.

April 30, 1997.

Leutrell Osborne, Assistant U.S. Attorney, Washington, DC, for U.S.

Tony W. Miles, Assistant Federal Public Defender, Washington, DC, for Defendant.

### MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

This case came before the Court on defendant's motion to compel election between allegedly multiplicitous charges. The Court heard argument and granted the motion in open court on April 21, 1997, indicating that its written opinion would follow.

The government charged the defendant in two counts with violations of 18

U.S.C. § 922(g)(1).[1] Count One charges unlawful possession of a firearm by a convicted felon, while Count Two charges unlawful possession of ammunition by a convicted felon. The defendant contends that these charges are multiplicitous because Congress intended to provide only for a single conviction where, as here, a felon is found to be in possession of a loaded firearm.

Where a defendant is charged with multiple offenses under a single statutory provision, courts look to legislative intent to determine whether the charges are multiplicitous. While Congress may have the power to impose two punishments for the single act of carrying a loaded firearm, the question is whether Congress intended to do so. *See Bell v. United States,* 349 U.S. 81, 83, 75 S.Ct. 620, 622, 99 L.Ed. 905 (1955); *United States v. Alexander,* 471 F.2d 923, 931 (D.C.Cir.1972); see also CHARLES ALAN WRIGHT, 1 FEDERAL PRACTICE AND PROCEDURE § 142 at 476–78 (1982 & 1996 Supp.). "When Congress has the will it has no difficulty in expressing it.... When Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity." *Bell v. United States,* 349 U.S. at 83, 75 S.Ct. at 622; *see United States v. Anderson,* 59 F.3d 1323, 1333 (D.C.Cir.) (en banc), *cert. denied,* —— U.S. ——, 116 S.Ct. 542, 133 L.Ed.2d 445 (1995); *United States v. Alexander,* 471 F.2d at 931.[2]

Six circuits have concluded that Congress did not express a clear intent that felons in possession of both a gun and ammunition should be subject to multiple punishment. *United States v. Keen,* 96 F.3d 425, 433 (9th Cir.1996); *United States v. Hall,* 77 F.3d 398, 402 (11th Cir.1996); *United States v. Berry,*

977 F.2d 915, 919 (5th Cir.1992); *United States v. Throneburg,* 921 F.2d 654, 656–57 (6th Cir.1990); *United States v. Pelusio,* 725 F.2d 161, 168–69 (2d Cir.1983); *United States v. Oliver,* 683 F.2d 224, 233 (7th Cir. 1982). *But see United States v. Peterson,* 867 F.2d 1110, 1115 (8th Cir.1989) (upholding multiple convictions under 18 U.S.C. § 922(g) using the *Blockburger* test).

Although the court of appeals for this circuit has not yet considered this issue, Judge Hogan recently found multiplicity under similar circumstances and required election of counts before trial. *United States v. Kinlaw,* Cr. No. 96478 (TFH) (D.D.C. Feb.24, 1997). In *Kinlaw,* the defendant was arrested allegedly in possession of a loaded handgun and charged with two counts of violating 18 U.S.C. § 922(g), one with respect to the gun and the other with respect to the ammunition. Judge Hogan held that "possession of a single firearm loaded with a single magazine can give rise to only one offense under § 922(g)." *Id.,* slip op. at 2. *See also United States v. Keen,* 96 F.3d at 432–33 (firearm and ammunition charges are multiplicitous when there is no evidence that the two were possessed or stored separately). This Court concurs and holds that Counts One and Two of the indictment in this case are multiplicitous.

That conclusion having been reached, the decision whether to compel the prosecution to elect among multiplicitous counts before trial is within the discretion of the trial court. *See United States v. Throneburg,* 921 F.2d at 657; *United States v. Clarridge,* 811 F.Supp. 697, 707 (D.D.C.1992); *see also* CHARLES ALAN WRIGHT, 1 FEDERAL PRACTICE

---

1. The statute provides, *inter alia,* that it shall be unlawful for any prior convicted felon to "possess in or affecting commerce, any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g).

2. By contrast, where multiple violations are charged under separate statutes for a single act, courts generally look to whether one charge requires proof of an element not required under the other charge. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). This test is particularly ill-suited for

ascertaining whether Congress intended to allow multiple prosecutions under a single statutory provision. *See Blockburger v. United States,* 284 U.S. at 304, 52 S.Ct. at 182 (test applies to violations under different statutory provisions); *Sanabria v. United States,* 437 U.S. 54, 70 n. 24, 98 S.Ct. 2170, 2182 n. 24, 57 L.Ed.2d 43 (1978) ("same evidence" test not applicable to violation under single statute); *United States v. Keen,* 96 F.3d 425, 432 & n. 12 (9th Cir.1996) (*Blockburger* test not applicable to violation of single statutory provision).

AND PROCEDURE § 145 at 525 (1982). The government argues against pre-trial election, suggesting a merger of the counts at sentencing. As Judge Hogan pointed out in *Kinlaw*, however, "[i]f the Court were to adopt the government's logic then there would never be any need to force an election of counts. .... Clearly, however, at least some of the harm from multiplicitous prosecution occurs during the course of the trial itself, and not merely at sentencing." *United States v. Kinlaw*, slip op. at 3 n. 2. As Judge Harold Greene has noted:

> The law protects an individual against multiplicitous indictments to avoid multiple sentences for a single offense *and to eliminate the prejudice which such indictments may generate in the eyes of a jury*. For when an indictment charges numerous offenses arising from the same conduct it "may falsely suggest to a jury that a defendant has committed not one but several crimes." ... Compromise verdicts or assumptions that, with so many charges pending the defendant must be guilty on at least some of them, pose significant threats to the proper functioning of the jury system.

*United States v. Clarridge*, 811 F.Supp. at 702 (emphasis added, citations omitted).

The government suggests that any prejudice that might arise from trying multiplicitous counts could be cured by jury instructions. Limiting instructions are helpful in some circumstances, but here the government offers no justification for increasing the possibility of prejudice against the defendant by letting multiplicitous counts go to the jury in the first place. In this case, where the ammunition was in the gun itself and not separately stored or maintained, requiring the prosecution to elect one count in advance of trial will enhance the jury process without hindering the government's presentation of its case in any way.[3]

Accordingly, it is hereby

3. As the government points out, requiring election of counts is unlikely to alter the evidence

ORDERED that defendant's motion to compel election between multiplicitous counts is GRANTED.

SO ORDERED.