**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Criminal Action No.: 12-cr-231 (RC) |
| | : | |
| v. | : | Re Document No.: 37 |
| | : | |
| JAMES HITSELBERGER, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

**DENYING DEFENDANT'S MOTION TO COMPEL ELECTION BETWEEN MULTIPLICITOUS COUNTS**

## I. INTRODUCTION

Defendant, Mr. Hitselberger, has been charged by the United States of America on three counts of violating 18 U.S.C. Section 793(e), for knowingly removing and retaining classified information from a secure location. He has also been charged on three counts of violating 18 U.S.C. Section 3238, for unlawfully removing public documents from their secured location. Count one charges Mr. Hitselberger for the unauthorized possession of two documents containing national security information, found in his backpack on April 11, 2012. Count two charges Mr. Hitselberger for the unauthorized possession of a third document containing national security information, found in Mr. Hitselberger's room on April 11, 2012 and dated March 8, 2012. Count three charges Mr. Hitselberger for the unauthorized possession of a fourth document containing national security information, dated February 13, 2012. Mr. Hitselberger now argues that Counts one and two are multiplicitous and thus violate Federal Rule of Criminal Procedure 7(c)(1) and the Double Jeopardy Clause of the Fifth Amendment.

## II. FACTUAL BACKGROUND

James Hitselberger is a 56-year-old linguist. He is fluent in Arabic, Farsi, and Russian. In June 2011, he was hired by Global Linguist Solutions, which assigned him to work for the United States Navy at a base in Bahrain. Mr. Hitselberger regularly worked with classified information. The Government alleges that on April 11, 2012, two supervisors observed Mr. Hitselberger checking his email in a Restricted Access Area and then printing multiple pages clearly marked as SECRET from a SECRET printer. Compl. ¶¶12-13, Aug. 6, 2012, ECF No. 1. This information contained sensitive troop information and intelligence analysis. Compl. ¶12.

The Government contends that Mr. Hitselberger was observed taking the classified documents from the printer, placing them into an Arabic-English Dictionary, and attempting to leave the building with the SECRET documents. *Id.* Mr. Hitselberger was stopped by his supervisor and his commanding officer after exiting the building. *Id.* He was asked by his supervisor to produce the documents he just printed. *Id.* At first, Mr. Hitselberger only produced one document. *Id.* He surrendered the second classified document when his supervisor asked what else was in Mr. Hitselberger's backpack. *Id.* On April 11, 2012, NCIS Special Agents conducted a Command Authorized Search and Seizure of Mr. Hitselberger's living quarters in Bahrain. Compl. ¶13. Inside, Special Agents found documents classified as SECRET with the SECRET warning label cut off the top and bottom of the pages. Compl. ¶14. After investigation, it was determined that Mr. Hitselberger received the documents as an e-mail attachment sent to several persons on a distribution list. *Id.*

The Government now brings an action against Mr. Hitselberger for unlawfully removing and retaining classified information from a secure location, in violation of 18 U.S.C. Section 793(e). Mr. Hitselberger has been charged with three counts of unlawful retention under Section

793(e): Count one refers to the two documents allegedly found in Mr. Hitselberger's backpack on April 11, 2012 (hereinafter "documents one and two"); Count two refers to the one document allegedly found in Mr. Hitselberger's room on April 11, 2012 and dated March 8, 2012 (hereinafter "document three"); Count three refers to a fourth document dated February 13, 2012. Mr. Hitselberger challenges counts one and two as multiplicitous. Count three is not in contention.

### III.  ANALYSIS

At issue is Mr. Hitselberger's unauthorized possession of three separate documents, discovered by the government on April 11, 2012. 18 U.S.C. Section 793(e) criminalizes the unauthorized retention of, and the failure to deliver to appropriate authorities, documents or information relating to national security. The statute states:

> Whoever having unauthorized possession of, access to, or control over any document, writing, code book, signal book, sketch, photograph, photograph negative, blueprint, plan, map, model, instrument, appliance, or note relating to the national defense, or information relating to the national defense which information the possessor has reason to believe could be used to the injury of the United States or to the advantage of any foreign nation, willfully communicates…or willfully retains the same and fails to deliver it to the officer of employer of the United States entitled to receive it…Shall be fined under this title or imprisoned not more than ten years, or both.

At dispute here is whether defendant's simultaneous possession of multiple documents can give rise to more than one violation of Section 793(e).

Defense counsel argues that the government will only be able to prove that Mr. Hitselberger possessed the three documents in question on April 11, 2012.  Mot. to Compel Election of Multiple Counts at 5, March 1, 2013, ECF No. 37. Because the documents were found on the same day and in relatively the same location (on the base in Bahrain), Mr. Hitselberger contends that his possession constitutes a single course of conduct, and therefore

3

can only give rise to a single violation under Section 793(e). *Id.* Both parties seem to agree that the resolution of this motion turns on whether the defendant's possession of the three documents occurred solely on April 11, 2012, or whether defendant possessed document three, dated March 8, 2012, prior to April 11.

The prohibition against multiplicitous punishments is found both in Federal Rule of Criminal Procedure 7(c)(1), and in the Double Jeopardy Clause of the Fifth Amendment. Rule 7(c)(1) describes the general contents of an indictment, permitting the government to allege in a single count "that the defendant committed [an offense] by one or more specified means." Fed. R. Crim. P. 7(c)(1). The Advisory Committee Notes explain that Rule 7(c)(1) was intended to "eliminate the use of multiple counts for the purpose of alleging the commission of the offense by different means or in different ways." Fed. R. Crim. P. 7, Advisory Committee Note to Subdivision (c). The Double Jeopardy Clause similarly prohibits multiple offenses for a single act, stating that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend V. To determine whether a transaction can give rise to multiple violations of a single statutory provision, courts must determine "[w]hat Congress has made the allowable unit of prosecution" for the criminal conduct. *United States v. Universal C.I.T. Credit Corp.,* 344 U.S. 218, 221 (1952). *See also Sanabria v. United States*, 437 U.S. 54, 70 n. 24 (1978); *United States v. Woerner*, 709 F.3d 527, 539-40 (5th Cir. 2013); *United States v. Hinkeldey*, 626 F. 3d 1010, 1013 (8th Cir. 2010); *United States v. Moses*, 513 F.3d 727, 732 (7th Cir. 2008); *United States v. Ansaldi*, 372 F.3d 118, 124 (2nd Cir. 2004); *United States v. Weathers*, 186 F. 3d 948, 952 (D.C. Cir. 1999); *United States v. Johnson*, 612 F.2d 843, 846 (4th Cir. 1979).

Mr. Hitselberger argues that the "retention of information contained in separate documents on the same date in relatively the same location (the base in Bahrain)" cannot give rise to multiple violations of Section 793(e). Mot. to Compel Election of Multiple Counts at 5, March 1, 2013, ECF No. 37. He interprets the term "information" broadly so that the retention of "*any* amount of information at a given time constitutes a single unit of prosecution. It is the course of conduct of retaining information that is the unit of prosecution." Mot. to Compel 5. (emphasis added).  Mr. Hitselberger seems to agree, however, that his possession of the three documents would *not* constitute a single course of conduct if they were acquired on different days. Mot. to Compel 1.  That is to say, if Mr. Hitselberger printed document three without authorization before April 11, 2012, the date he was allegedly seen printing documents one and two, then his possession of the documents would be distinct, and he would properly be charged with two violations of Section 793(e). His motion states:

> [T]he government's evidence will demonstrate only that [document three] was allegedly found in Mr. Hitselberger's room on April 11, 2012. The government has produced during discovery and will offer at trial *no* evidence that he possessed this document prior to that date. Thus, if Mr. Hitselberger knowingly and willfully retained national defense information… he did so on a single date, April 11, 2012, constituting a single offense.

Mot. to Compel 1. As such, the dispute turns on a factual issue – when Mr. Hitselberger began his unauthorized possession of document three.[1]

Defendant asks this court to apply a summary judgment standard in evaluating the indictment.  The D.C. Circuit has recognized, however, that while the Federal Rules of Criminal Procedure allow for pretrial motions on questions of law, there is no mechanism that resembles the civil motion for summary judgment. *United States v. Yakou*, 428 F.3d 241, 246 (D.C. Cir.

---

[1] The fact that defendant does not challenge Count three, involving a fourth document, as multiplicitous confirms this understanding as well.

2005) (internal quotations omitted). [2] Federal Rule of Criminal Procedure 12(b) does allow a party to "raise by pretrial motion any defense, objection, or request" but only allows those motions "that the court can determine *without a trial of the general issue*." Fed. R. Crim. P. 12(b) (emphasis added). "The general issue has been defined as evidence relevant to the question of guilt or innocence." *Yakou*, 428 F.3d at 246 (citing to *United States v. Barletta*, 644 F. 2d 50, 58 (1st Cir. 1981)) (internal quotations omitted); *See also United States v. Ayarza-Garcia*, 819 F.2d 1043, 1048 (11th Cir. 1987).

The government's indictment charges Mr. Hitselberger with unlawfully acquiring and retaining documents one and two on April 11, 2012 and unlawfully acquiring and retaining document three on March 8, 2012. Indictment 2, Feb. 28, 2013, ECF No. 33. If these allegations are true, then both parties agree that Mr. Hitselberger is properly charged with two separate violations of Section 793(e). If the government is able to prove to the jury that Mr. Hitselberger obtained document three prior to April 11, 2012, Mr. Hitselberger appears to agree that the counts are not multiplicitous. Instead, defendant merely argues that the government has no evidence to prove that document three was acquired prior to April 11. This is a question of fact for the jury, not the bench, as evidence will have to be presented relevant to the question of defendant's guilt or innocence.[3] Fed. R. Crim. Pro. 12(b). For this reason, the court does not find that counts one and two are multiplicitous.

---

[2] *United States v. Yakou* does recognize a small exception to this rule. It allows the bench to dismiss an indictment on sufficiency-of-the-evidence grounds where the material facts are undisputed, only an issue of law is presented, and the government has not objected to the motion for dismissal. 428 f.3D 241. 246-7 (2005). That is not the case here. The government has objected to defendant's motion. And whether Counts one and two are multiplicitous turns on a disputed question of fact, not law.

[3] The defendant argues that when a timely multiplicity objection is raised, the proper remedy is to require the government to elect between the multiple counts. Mot. to Compel 3.

## IV.  CONCLUSION

For the foregoing reasons, defendant's motion to compel election between counts one and two is DENIED.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.


Dated:  November 1, 2013                                        RUDOLPH CONTRERAS
                                                               United States District Judge

---

Every case that defendant cites in support of this proposition, however, has required the government to elect between multiple counts only because the district court already found the indictment to be multiplicitous. *See, e.g., United States v. Universal C.I.T. Credit Corp.,* 344 U.S. 218, 229 (1952) (requiring election of counts after the district court held that defendant's acts constituted a single course of conduct and only gave rise to one violation under the Fair Labor Standards Act); *United States v. Ketchum,* 320 F.2d 3, 4, 8 (1963) (finding an election remedy appropriate though not deciding the issue after the district court found several counts multiplicitous); *United States v. Wilder*, 2008 WL 2004256 at *2 (E.D. Wisc. 2008) (requiring election between two counts after possession of a firearm and the ammunition were found to be multiplicitous under 18 U.S.C. Section 922(g)(1)); *United States v. Phillips*, 962 F. Supp. 200, 201 (D.D.C. 1997) (same).  Because we do not find that counts two and three are multiplicitous at this time, we find no reason to compel the government to elect between the counts.