**UNITED STATES of America,
Appellant,**

v.

**Richard JOSEPHBERG,
Defendant–Appellee.**

**Docket No. 05–5282–CR.**

United States Court of Appeals,
Second Circuit.

Argued: May 17, 2006.

Decided: July 27, 2006.

---

Stanley J. Okula, Jr., Assistant United States Attorney, New York, New York (Michael J. Garcia, United States Attorney for the Southern District of New York, Katherine Polk Failla, Assistant United

States Attorney, New York, New York, on the brief), for Appellant.

Michael T. Sullivan, Valley Stream, New York (Jared J. Scharf, Riconda & Garnett, Valley Stream, New York, on the brief), for Defendant–Appellee.

Before KEARSE, CALABRESI, and POOLER, Circuit Judges.

PER CURIAM.

The United States seeks review of orders of the United States District Court for the Southern District of New York, Charles L. Brieant, *Judge,* dismissing— and denying reconsideration of the dismissal of—one count of a 17–count indictment against defendant Richard Josephberg. The district court granted Josephberg's motion to dismiss Count 16 of the indictment, which charged Josephberg with obstructing and attempting to obstruct the Internal Revenue Service ("IRS") in the administration of the federal income tax laws, in violation of 26 U.S.C. § 7212(a) (the "obstruction count"), ruling that the obstruction count was multiplicitous, and hence violated the constitutional prohibition against double jeopardy, in that it permitted the jury to convict on that count on the basis of acts also alleged in other counts of the indictment. On appeal, the government contends (a) that Count 16 did not impermissibly overlap any other count, and (b) that even if there were impermissible overlap, the dismissal of an overlapping count on that basis prior to trial was premature. Based on the allegations of the indictment, we agree that dismissal was at best premature, and we therefore vacate the dismissal of the obstruction count and remand for further proceedings not inconsistent with this opinion.

## I. BACKGROUND

The present indictment focuses on business and financial activities of Josephberg between 1977 and 2004. It alleges that from approximately 1977 through in or about 1985, Josephberg participated in certain tax shelters, by reason of which he claimed large partnership losses on his individual federal income tax returns. Beginning in 1992, the IRS, having audited Josephberg's returns, disallowed substantially all of those claimed losses and issued deficiency notices to Josephberg, indicating that he owed many hundreds of thousands of dollars in income tax for the tax years 1977–1980 and 1983–1985, including the following:

| Tax Year | Amount Owed |
|---|---|
| 1978 | $ 100,589 |
| 1979 | $ 197,902 |
| 1980 | $ 168,134 |
| 1984 | $ 427,252 |
| 1985 | $ 548,592 |

(*See* Indictment ¶¶ 4–6.) In addition to the initial $548,592 deficiency notice for 1985, the IRS issued supplemental notices of deficiency for that year, based on adjustments to partnerships in which Josephberg had an interest. Those additional amounts for 1985 totaled $768,206. (*See id.* ¶ 5.)

Josephberg challenged most of these IRS notices in the United States Tax Court. His challenges were either rejected or dismissed for lack of prosecution in 1996. (*See id.* ¶¶ 4–5.)

### A. *The Relevant Counts in the Indictment*

According to the indictment, between 1995 and 2003, as a result of investment banking and other services that Josephberg rendered either individually or through his wholly-owned company, Josephberg earned more than $2 million. (*See* Indictment ¶¶ 2–3.) Nonetheless, the indictment alleges, beginning in or about 1995, "in anticipation of having to pay tax-

es that were assessed by the IRS," Josephberg "executed a scheme designed to evade payment of personal income taxes that he owed for the calendar years 1977 through 1980, and 1983 through 1985" (*id.* ¶ 7) by concealing his income and assets and pleading poverty. Pursuant to that scheme, Josephberg is alleged to have, *inter alia*, directed income and assets into bank accounts and corporations that were nominally owned by his family members but were in fact owned and controlled by Josephberg (*see id.* ¶¶ 9–13); filed a bankruptcy petition that falsely represented his family's income and assets (*see id.* ¶¶ 20–21); and falsely told the IRS that he "was struggling to survive financially . . . and had no hidden assets or income" (*id.* ¶ 14).

The counts of the indictment that are pertinent to this appeal are Counts 1–4, 7–10, and 16. Count 1 alleges that Josephberg's conduct in 1995–2005 constituted evasion of payment of income taxes, in violation of 26 U.S.C. § 7201. (*See* Indictment ¶¶ 1–22.) Count 2 alleges that during the period 1994 through 1998, Josephberg conspired with his accountant to defraud the United States and the IRS and to commit offenses against the United States, including income tax evasion in violation of § 7201. (*see id.* ¶¶ 23–34.) Paragraphs 29 and 30 allege that the means and methods of effectuating that conspiracy included Josephberg's filing income tax returns for the years 1994–1998 that fraudulently claimed large net operating losses from prior years—including the tax-shelter losses previously claimed by Josephberg and disallowed by the IRS—and thereby grossly understated his taxable income for 1994–1998.

Counts 3 and 4 allege that Josephberg employed a domestic employee to perform housekeeping and child-care duties and that, for the tax years 1997 and 1998, he attempted to evade the income and employment taxes due by paying the employee in cash and failing to remit to the IRS the withholding and other taxes due with respect to her wages, in violation of 26 U.S.C. § 7201. (*See* Indictment ¶¶ 35–37.)

Counts 7–10 allege that Josephberg failed to file individual income tax returns for the years 1999, 2000, 2001, and 2002, in violation of 26 U.S.C. § 7203. (*See id.* ¶ 39; *see also id.* ¶ 40 (alleging, as Counts 11–15, Josephberg's failure to pay the taxes due for those years and for 2003).) Count 16, the obstruction count, charged that Josephberg attempted to obstruct the IRS's enforcement of the federal tax laws, in violation of 26 U.S.C. § 7212(a). The two paragraphs of that count read as follows:

41. The allegations in paragraphs 1 through 21, 29–30, 36, and 39–40 of this Indictment are repeated and realleged as though fully set forth herein.

42. From in or about January 1996, through and [sic] July 2004, . . . defendant . . . did corruptly obstruct and impede, and endeavor to obstruct and impede, as set forth above, the due administration of the Internal Revenue Laws.

## B. *The District Court's Dismissal of Count 16*

During the pretrial proceedings, Josephberg moved for, *inter alia*, dismissal of the obstruction count on the ground that it was multiplicitous of other counts, in violation of the Double Jeopardy Clause. In an August 15, 2005 opinion reported at 418 F.Supp.2d 297, the district court granted the motion, finding that the indictment did not pass the test established by *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Noting that " '[t]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions,

the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not,'" the district court stated that "two separate counts are not multiplicitous if each requires proof of a fact which the other does not." 418 F.Supp.2d at 303 (quoting *Blockburger*, 284 U.S. at 304, 52 S.Ct. 180).

The court noted that § 7212 "criminalizes," *inter alia*, any conduct by which a defendant, "'in any way *corruptly* ... obstructs or impedes, or endeavors to obstruct or impede, the due administration of [Title 26],'" 418 F.Supp.2d at 304 (quoting 23 26 U.S.C. § 7212(a)) (emphasis ours); and it cited this Court's decision in *United States v. Kelly*, 147 F.3d 172 (2d Cir.1998), for the proposition that the corruption element of § 7212(a) encompasses the concept of willfulness:

> Although our Court of Appeals refused to read a willfulness requirement into this statute, it approved a jury instruction definition of "corruptly" that is "as comprehensive and accurate as if the word 'willfully' was incorporated into the statute." *See Kelly, 147 F.3d at 177*.

418 F.Supp.2d at 304. Noting that willfulness is an element of tax evasion as prohibited by § 7201, the court concluded that the government's proof of the tax evasion offenses charged in the indictment would suffice to support a verdict of guilty on the obstruction count, *see* 418 F.Supp.2d at 304, which contained "no additional factual element," *id.* The court stated:

> Tax evasion under § 7201 requires willful conduct. A finding of willfulness would suffice to find corruption under § 7212. Under the standard established by our Court of Appeals in *Kelly*, proof that the Defendant violated § 7201 could establish a violation of § 7212. Because the Government presents no additional factual element to support its obstruc-

tion charge, convicting the Defendant of any count within Counts 1–4 or 7–10 would permit a conviction on Count 16 without proving any additional facts. This violates *Blockburger*. Accordingly, Count 16 is multiplicitous in violation of the Double Jeopardy clause and is hereby dismissed.

418 F.Supp.2d at 304.

The government twice moved for reconsideration, initially arguing that the district court had erred in finding Count 16 multiplicitous, and subsequently arguing that any pretrial dismissal of that count was premature because the jury could permissibly convict Josephberg on the obstruction count while acquitting him of tax evasion. The district court denied both motions, citing its original opinion. This appeal followed.

## II. DISCUSSION

On appeal, the government contends principally that the district court erred in finding Count 16 multiplicitous because it compared the facts that are alleged in support of the various counts rather than, as required by *Blockburger*, comparing the elements of the respective offenses. The government also contends that even if the district court was correct in its view that the obstruction count and the evasion counts constituted the same offense for purposes of double jeopardy analysis, dismissal of the obstruction count prior to trial was premature. We agree that the dismissal was premature; we need not decide at this juncture whether Count 16 and other counts are multiplicitous.

 The Double Jeopardy Clause of the Fifth Amendment provides that no person "shall ... be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This constitutional

command encompasses three distinct guarantees:

(1) It protects against a second prosecution for the same offense after acquittal. (2) It protects against a second prosecution for the same offense after conviction. (3) And it protects against multiple punishments for the same offense.

*Illinois v. Vitale,* 447 U.S. 410, 415, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980) (internal quotation marks and alterations omitted).

■ Where there has been no prior conviction or acquittal, the Double Jeopardy Clause does not protect against simultaneous prosecutions for the same offense, so long as no more than one punishment is eventually imposed. It is well established that "[w]hether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion," and "a defendant has no constitutional right to elect which of two applicable federal statutes shall be the basis of his indictment and prosecution...." *United States v. Batchelder,* 442 U.S. 114, 124, 125, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979). Where two statutory sections operate independently of one another, "there is no bar to the Government's proceeding with prosecution simultaneously under the two statutes." *Ball v. United States,* 470 U.S. 856, 860, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985); *see Batchelder,* 442 U.S. at 11, 99 S.Ct. 21988. In such circumstances, "the Double Jeopardy Clause imposes no prohibition to simultaneous prosecutions." *Ball,* 470 U.S. at 860 n. 7, 105 S.Ct. 1668. Even where the Double Jeopardy Clause would bar cumulative punishment for more than one such offense, "the Clause does not prohibit the State from prosecuting [the defendant] for such multiple offenses in a single prosecution." *Ohio v. Johnson,* 467 U.S. 493, 500, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984); *see, e.g., Ball,* 470 U.S. at 860 n. 8, 105 S.Ct.

1668 (" 'there can be no impropriety ... for a prosecutor to file an information containing counts charging violations of' several different provisions of the federal bank robbery statute where there is evidence to support the charges, even though the defendant could not in the end stand convicted of both offenses" (quoting *United States v. Gaddis,* 424 U.S. 544, 550, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976))).

■■ Accordingly, "[i]f, upon the trial, the district judge is satisfied that there is sufficient proof to go to the jury on both counts, he should instruct the jury as to the elements of each offense." *Ball,* 470 U.S. at 865, 105 S.Ct. 1668. If the jury convicts on no more than one of the multiplicitous counts, there has been no violation of the defendant's right to be free from double jeopardy, for he will suffer no more than one punishment. If the jury convicts on more than one multiplicitous count, the defendant's right not to suffer multiple punishments for the same offense will be protected by having the court enter judgment on only one of the multiplicitous counts. *See id.* ("Should the jury return guilty verdicts for each count, ... the district judge should enter judgment on only one of the statutory offenses."). Or, if judgment of conviction has been entered on more than one such count, the district court should vacate the conviction on all but one. *See id.* ("remand[ing] with instructions to have the District Court exercise its discretion to vacate one of the convictions").

■ Given these principles, we conclude that the district court's dismissal of Count 16 prior to trial was at best premature.

We reject Josephberg's contention that this Court's decision in *United States v. Handakas,* 286 F.3d 92 (2d Cir.2002) ("*Handakas*"), *overruled on other grounds by United States v. Rybicki,* 354 F.3d 124

(2d Cir.2003) (en banc), *cert. denied,* 543 U.S. 809, 125 S.Ct. 32, 160 L.Ed.2d 10 (2004), "essentially rejected" the above principles by "holding that where counts are multiplicitous, *an indictment* on both counts is impermissible" (Josephberg brief on appeal at 41 (emphasis added)). This Court of course has no authority to "reject" procedures established by the United States Supreme Court, and in fact *Handakas* did not make the ruling imputed to it by Josephberg. *Handakas* was an appeal following a trial and convictions on two multiplicitous counts, not on an interlocutory appeal of a pretrial ruling. *See* 286 F.3d at 97. In accordance with *Ball, Handakas* simply remanded for the district court to vacate the conviction on one of those two counts. *See id.* at 100.

■ Having concluded in the present case that the pretrial dismissal of Count 16 was premature, we need not reach, at this time, the question of whether Count 16 is multiplicitous, for it is possible that the jury will convict Josephberg on one count and acquit on all other allegedly multiplicitous counts. In the event that the jury returns verdicts of guilty on Count 16 and on any other count with which Josephberg contends Count 16 is multiplicitous, the district court may revisit the question of multiplicity, applying the *Blockburger* test, under which, if there is an element in each offense that is not contained in the other, convictions of both offenses can stand, *see* 284 U.S. at 304, 52 S.Ct. 180. We note that, although Count 16 does not allege conduct other than that alleged in earlier counts, "the touchstone is whether Congress intended to authorize separate punishments for the offensive conduct under separate statutes.... It is not determinative whether the same conduct underlies the counts; rather, it is critical whether the 'offense'—in the legal sense, as defined by Congress—complained of in one count

is the same as that charged in another," *United States v. Chacko,* 169 F.3d 140, 146 (2d Cir.1999).

## CONCLUSION

We have considered all of Josephberg's arguments in support of the district court's pretrial dismissal of Count 16 and have found them to be without merit. The dismissal is vacated, and the case is remanded for further proceedings not inconsistent with this opinion.