**UNITED STATES of America,**
**Appellee,**

v.

**Ziya OZBAY, Birol Ozbay, Yalcin**
**Ozbay, Mustafa Ozbay, Defendants–Appellants.**

Nos. 07–1203–cr(L), 07–1412–cr,
07–1805–cr, 07–1965–cr.

United States Court of Appeals,
Second Circuit.

Oct. 16, 2008.

Joel R. Weiss (Laurie S. Hershey, of counsel), Uniondale, N.Y., for Ziya Ozbay.

Paula Schwartz Frome, Garden City, N.Y., for Birol Ozbay.

Mark A. Major, Saratoga Springs, N.Y., for Yalcin Ozbay.

Peter Goldberger (Pamela A. Wilk, of counsel), Ardmore, PA, for Mustafa Ozbay.

Elizabeth C. Coombe (William C. Pericak and Brenda K. Sannes, of counsel) for Glenn T. Suddaby, United States Attorney for the Northern District of New York, Syracuse, N.Y., for Appellee.

Present: Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Defendants Ziya Ozbay, Birol Ozbay, Yalcin Ozbay, and Mustafa Ozbay appeal various aspects of their convictions and sentences. Mustafa and Birol pleaded guilty to obstructing and impeding the Internal Revenue Service ("IRS"), failing to file tax returns, failing to pay employee trust taxes, and structuring. Ziya and Yalcin were convicted, following a jury trial, of obstructing and impeding the IRS, failing to pay employee trust taxes, and structuring. In addition, Ziya was convicted of failing to file tax returns, and Yalcin was convicted of filing a false return. The district court sentenced Ziya, Birol, and Yalcin to terms of imprisonment of 121 months and Mustafa to a term of imprisonment of 87 months. The district court also ordered forfeiture in the form of a $6.8 million money judgment, imposing joint and several liability on all four defendants. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Considering first Ziya's challenge to the sufficiency of the evidence on counts 46 and 47, we review the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor, and we will reverse only if no rational factfinder could have found guilt beyond a reasonable doubt. *United States v. Gaskin*, 364 F.3d 438, 459–60 (2d Cir.2004). Ziya argues there was insufficient evidence to allow the jury to conclude that he aided and abetted his son-in-law, Yalcin, in Yalcin's structuring of funds derived from Erin and Faek Corporation ("Erin and Faek"). To obtain the aiding and abetting conviction, the government was required to show, in relevant part, that Ziya "either acted or failed to act with the specific intent of enabling" Yalcin's structuring. *United States v. Frampton*, 382 F.3d 213, 223 (2d Cir.2004). The evidence introduced at trial included the following: (1) Ziya was a vice president of Erin and Faek; (2) Ziya had signature authority,

received a salary, and had management responsibilities at Erin and Faek; (3) Ziya was a 50% shareholder in Erin and Faek; (4) at least one supplier considered Ziya's and Yalcin's businesses, although purportedly separate, to be a single entity; (5) Ziya operated the Ozbay Service Center and structured its proceeds to avoid currency reporting requirements, thereby establishing the business model later implemented by Yalcin at Erin and Faek; and (6) Ziya acquired his stake in Erin and Faek through an investment in the form of two $9000 cashier's checks. This evidence was not "so meager that no reasonable jury could find guilt beyond a reasonable doubt." *United States v. MacPherson,* 424 F.3d 183, 187 (2d Cir.2005) (quoting *United States v. Guadagna,* 183 F.3d 122, 130 (2d Cir.1999)). Accordingly, we conclude that the convictions on counts 46 and 47 are supported by sufficient evidence.

All four defendants raise on appeal for the first time multiplicity challenges to their numerous structuring convictions; Mustafa and Birol each pleaded guilty to six separate counts of structuring, and Ziya and Yalcin each were convicted of three separate counts. "The doctrine of multiplicity is based upon the double jeopardy clause of the Fifth Amendment, which assures that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." *United States v. Harris,* 79 F.3d 223, 231 (2d Cir.1996) (internal quotation marks omitted). "The constitutional immunity from double jeopardy is a personal

right which, if not affirmatively pleaded by the defendant at the time of trial, will be regarded as waived." *United States v. Perez,* 565 F.2d 1227, 1232 (2d Cir.1977); *see also United States v. Papadakis,* 802 F.2d 618, 621 (2d Cir.1986). Because none of the defendants raised these multiplicity challenges prior to trial—or, in the case of Mustafa and Birol, prior to pleading guilty—we find the multiplicity challenges waived and decline to review them on appeal.

■ Yalcin and Ziya next appeal the forfeiture order. They argue that the imposition of joint and several liability cannot be reconciled with the fact that the district court granted their Rule 29 motions and dismissed three of the structuring counts on the ground that there was insufficient evidence to find that they aided and abetted Birol's structuring activities. We agree with Yalcin and Ziya: In the absence of any aiding and abetting or conspiracy liability, there is no justification for joint and several liability on the forfeiture order.* The fact that each defendant was convicted of structuring at least $6.8 million, the forfeiture amount, does not negate our concern, because the district court based the $6.8 million forfeiture order on the total amount structured by all defendants in 2002 and 2003—including amounts structured by Birol and covered in the counts for which Yalcin and Ziya were acquitted. Accordingly, we direct the district court to vacate the forfeiture order, which applies to all four defendants,

---

* Although the government has directed us to a long list of cases approving of joint and several liability on forfeiture orders, the cases all involve conspiracy or aiding and abetting. *See United States v. Spano,* 421 F.3d 599, 603 (7th Cir.2005) (conspiracy); *United States v. Melendez,* 401 F.3d 851, 856 (7th Cir.2005) (conspiracy); *United States v. Pitt,* 193 F.3d 751, 765 (3d Cir.1999) (conspiracy); *United States v. Hurley,* 63 F.3d 1, 22 (1st Cir.1995) (conspiracy); *United States v. Benevento,* 836 F.2d 129, 130 (2d Cir.1988) (per curiam) (criminal enterprise); *United States v. Black,* 526 F.Supp.2d 870, 884 (N.D.Ill.2007) (conspiracy); *United States v. Reiner,* 397 F.Supp.2d 101, 110 (D.Me.2005) (aiding and abetting).

and to fashion a remedy consistent with each defendant's criminal convictions.

■ The defendants also challenge the district court's "stacking" of sentences on the structuring counts. By imposing distinct prison terms for multiple structuring convictions, the district court imposed an overall term of imprisonment for each defendant that exceeded the five-year statutory maximum applicable to any individual structuring count. We recognize that the Sentencing Guidelines specifically instruct the district courts to stack sentences where the Guidelines range exceeds the statutory maximum on an individual conviction, see U.S.S.G. § 5G1.2(d), and "we are aware of no constitutionally cognizable right to concurrent, rather than consecutive, sentences." *United States v. White*, 240 F.3d 127, 135 (2d Cir.2001). Nonetheless, we are somewhat troubled here by the imposition of consecutive sentences in light of the fact that the six separate structuring convictions—or, in the case of Yalcin and Ziya, the three separate structuring convictions—each appear to relate merely to a separate bank account rather than to a separate source of funds. *See United States v. Handakas*, 286 F.3d 92, 98–99 (2d Cir.2002), *overruled in part on other grounds by United States v. Rybicki*, 354 F.3d 124, 144 (2d Cir.2003) (en banc). From the record currently before us, it is unclear whether the district court considered the source of the funds in rendering its sentencing decision or whether it accepted the government's proposal to base each offence on a separate bank account. Accordingly, we remand the sentences for Judge Sharpe to provide further explanation on the record as to whether the reasons for the distinct structuring counts justify consecutive sentences.

We have considered all of defendants' other arguments on appeal and find them to be without merit.

For the foregoing reasons, the convictions in this case are **AFFIRMED,** but the case is **REMANDED** for the district court to vacate its forfeiture order and impose a new order consistent with this order and for the limited purpose of allowing the district court to explain the basis for, or to reconsider, the imposition of consecutive sentences on the structuring counts.