**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**N'KAI COLON, JELANI GUMBS, DIONNO BROOKS, KHALIF J. FRANCIS, and JEQUAN J. JOSEPH, Defendants**

Case No. ST-13-CR-F249, ST-13-CR-F250, ST-13-CR-F251, ST-13-CR-F354, ST-13-CR-F355

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

May 9, 2014

151

QUINCY MCRAE, ESQ., Assistant Attorney General, U.S. Virgin Islands Department of Justice, St. Thomas, USVI, *For Plaintiff.*

PEDRO K. WILLIAMS, ESQ., Law Offices of Pedro K. Williams, St. Thomas, USVI, *For Jelani Gumbs, Defendant.*

SAMUEL L. JOSEPH, ESQ., Chief Territorial Public Defender, Office of the Territorial Public Defender, St. Thomas, USVI, *For Khalif J. Francis, Defendant.*

DARREN JOHN BAPTISTE, ESQ., The Law Offices of Darren John Baptiste, St. Thomas, USVI, *For Jequan J. Joseph, Defendant.*

DONNIE M. KING, ESQ., The Law Offices of Robert L. King, St. Thomas, USVI, *For N'Kai Colon, Defendant.*

DANIEL J. GRAVEL, ESQ., c/o Bellicose VI, LLC, St. Thomas, USVI, *For Dionno Brooks.*

J. RUSSELL B. PATE, ESQ., The Pate Law Firm, St. Thomas, USVI, *For Diono Brooks.*

CHRISTIAN, *Judge*

## MEMORANDUM OPINION

(May 9, 2014)

These five consolidated criminal cases are before the Court on the motion to dismiss filed by Defendant Jelani Gumbs.[1] In said motion, he asks this Court to dismiss all murder charges and related dangerous

---

[1] This Court has jurisdiction over these cases pursuant to Title 4, Section 76(b) of the Virgin Islands Code.

weapons offenses asserted against him. The Court also directed the parties to address whether the multiple dangerous weapons charges against each Defendant were multiplicitous. Subsequently, all the remaining Defendants joined in Defendant Gumbs' motion and adopted the arguments raised by him.[2] The People of the Virgin Islands (the "People") opposed the motion to dismiss. For the reasons set forth below, the Court will deny Defendants' motion to dismiss the murder charges. However, the Court will consolidate the multiple dangerous weapons charges alleged against each Defendant into a single charge against each Defendant, and direct the People to file an Amended Information consistent with this opinion and accompanying order.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

Because the issues raised in Defendant Gumbs' motion to dismiss are not fact intensive, the Court will not recite all of the allegations set forth in the existing record. These cases grow out of a horrendous attack on Mr. William Hyde on November 23, 2013, in St. Thomas, U.S. Virgin Islands. Mr. Hyde was found on Magens Bay in the early morning hours of that day beaten and unconscious. Because of the extremely serious nature of his injuries, Mr. Hyde was airlifted to a medical facility in Florida for treatment. On December 17, 2013, Mr. Hyde succumbed to the injuries he suffered in the incident.

The People's investigation led to the arrest of these five Defendants. Because all Defendants were minors under Virgin Islands law at the time of the attack, the People charged all of them with numerous counts of delinquency, including attempted murder. These accusations were filed in the Family Division of this tribunal, which, by statute, has jurisdiction over minors alleged to be delinquent.[3] After Mr. Hyde perished, the attempted murder charges were amended to assert delinquency charges of first and second degree murder and voluntary manslaughter. The People moved to transfer all Defendants to the Criminal Division of this Court to be tried as adults, and the Family Division granted said motion. Some Defendants appealed their transfer orders to the Supreme Court of the

---

[2] Because all Defendants have joined in the motion and arguments of Defendant Gumbs, the Court will address the motion as "Defendants' motion."

[3] 4 V.I.C. § 172(a)(4).

Virgin Islands, which affirmed the decisions of the Family Division. The divergent procedural tracks taken by the various Defendants led to charges being filed in two (2) separate Informations. Defendants N'Kai Colon, Jelani Gumbs, and Dionno Brooks were charged in a forty eight (48) count Information dated June 11, 2013. Defendants Khalif J. Francis and Jequan J. Joseph were charged in an August 1, 2013, Information containing thirty two (32) charges. After the Court formally consolidated all of these cases, the People filed a single Information containing eighty (80) total counts, sixteen (16) against each named Defendant, on February 4, 2014.

At issue for purposes of Defendants' motion to dismiss are the charges for: (1) first degree murder, based upon willfulness, deliberation, and premeditation;[4] (2) first degree murder, based upon felony murder;[5] (3) second degree murder;[6] and (4) using a dangerous weapon during the commission of each of these murder charges.[7] In an order setting a hearing on the motion, the Court directed all counsel to be prepared to address whether the numerous charges asserting the use of a dangerous weapon in a crime of violence against each Defendant were multiplicitous.[8] At said hearing, all remaining Defendants joined in Defendant Gumbs' motion to dismiss. The Court heard additional arguments at a pretrial conference held on April 1, 2014, and verbally issued its decision from the bench. This memorandum discusses the bases for the Court's decision in more detail.

---

[4] 14 V.I.C. §§ 921, 922(a)(1).

[5] 14 V.I.C. §§ 921, 922(a)(2).

[6] 14 V.I.C. §§ 921, 922(b).

[7] 14 V.I.C. § 2251(a)(2)(B). Although the People only cite to section 2251(a)(2) in the Information, because of the discussion of the issue of "a crime of violence" below, the Court cites to section 2251(a)(2)(B) throughout this opinion.

[8] In addition to the above-mentioned section 2251(a)(2)(B) charges based upon the three murder charges, each Defendant was also charged with two additional section 2251(a)(2)(B) charges based upon the charges of first degree assault charge and third degree assault. In total, each Defendant was charged with five counts of violating section 2251(a)(2)(B).

## II. LEGAL DISCUSSION.

### a. The first degree murder charges state offenses under Virgin Islands law and, therefore, will not be dismissed.

Defendants first contend that the charges against them alleging first degree murder and using a dangerous weapon in the commission of first degree murder must be dismissed on constitutional grounds. They assert that they were legal minors at the time of the crimes alleged, and if convicted, the mandatory sentence for first degree murder is life imprisonment without any possibility of parole. They continue that imposing such a sentence on them would constitute cruel and unusual punishment under the Eighth Amendment to the United States Constitution as interpreted by the United States Supreme Court.[9] Defendants also take the position that this tribunal lacks jurisdiction over the first degree murder charges against them because the Court cannot impose the statutory mandatory sentence for those crimes.

■ However, after the motion to dismiss was filed, the Supreme Court of the Virgin Islands issued an opinion which resolves Defendants' contentions in favor of the People.[10] Therein, the defendant, Jalani Williams, a minor at the time of the crime, was convicted of first degree murder. On appeal, Williams argued that his sentence of mandatory life imprisonment without parole was unconstitutional after *Miller*. The People agreed with this argument. The Virgin Islands Supreme Court agreed with Williams and the People, vacated the automatic life imprisonment sentence, and remanded the case for re-sentencing consistent with *Miller*.[11] Importantly, the Supreme Court did not vacate Williams' conviction, but gave instructions on what factors should be considered at sentencing under the circumstances.[12] In fact, the Supreme Court specifically noted that ". . . the Eighth Amendment does not categorically prohibit a sentence of life without parole for juveniles convicted of first-degree murder. . . ."[13] From this precedent, it is clear that *Miller* does not prevent a juvenile from being charged with and

---

[9] *See Miller v. Alabama*, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012).

[10] *See Williams v. People*, 59 V.I. 1024 (2013).

[11] *Id.* at 1042.

[12] *Id.*

[13] *Id.* (citing *Bear Cloud v. State*, 2013 WY 18, 294 P.3d 36, 47 (2013)).

156

prosecuted for first degree murder, but only prohibits the automatic imposition of a sentence of life imprisonment without parole if he or she is convicted of that crime.

■ The opinion in *Williams* also eliminates Defendants' argument that this Court lacks jurisdiction over the charges against them. The decision plainly directed this Court on remand to impose an appropriate sentence, after due consideration of all relevant factors, when a juvenile is convicted of first degree murder. This directive clearly refutes any contention this Court lacks subject matter jurisdiction over such charges.[14] Finally, Defendants' arguments for dismissal of the charges of using a dangerous weapon in the commission of first degree murder are all premised on the now-rejected entreaty for dismissal of the first degree murder crimes. Therefore, their requests for dismissal of those dangerous weapons charges, on these grounds, will be denied.

### b. Because Defendants allegedly assaulted Mr. William Hyde in the U.S. Virgin Islands, the Superior Court has jurisdiction over all of the murder charges notwithstanding the fact that he died outside of the Territory.

Defendants next contend that this Court lacks jurisdiction over all of the murder charges and related dangerous weapons charges because the victim, Mr. William Hyde, died outside of the U. S. Virgin Islands. This argument was squarely refuted by the Supreme Court of the Virgin Islands in the appeals of some of these Defendants from the orders transferring them from the Family Division to the Criminal Division of this Court.

■ ■ Defendants reiterate the same arguments here as previously raised in, and rejected by, the Virgin Islands Supreme Court.[15] Specifically, they contend that the omission of a statutory provision stating the exact opposite of title 14 of section 83, of the Virgin Islands Code[16] demonstrates that the Virgin Islands Legislature did not intend for

---

[14] The Supreme Court of the Virgin Islands also rejected this jurisdictional argument in dicta in a related case. *See In re K.J.F.*, 59 V.I. 333, 340 n.5 (2013).

[15] The written motion was filed before the opinion in *In re K.J.F.* was issued by the Supreme Court. Therefore, Defendants did not have the benefit of this guidance at the time they initially raised the issue.

[16] This provision states "When the crime of murder or manslaughter has been committed by means of a mortal wound given, or injury inflicted, or poison administered without the Virgin

157

persons to be charged with murder in the Territory when the victim succumbs to injuries outside of the jurisdiction. The Supreme Court disagreed, noting that title 14, section 81(1)[17] of the Virgin Islands Code expressly authorizes the criminal punishment of any person who commits any part of a crime in this Territory.[18] In the pending Information, Defendants are charged throughout with committing each of the alleged crimes ". . . in St. Thomas, Virgin Islands. . . ." In light of the foregoing binding statutory and judicial precedent, and these allegations, Defendants' arguments on this basis are rejected and their request for dismissal of the murder and dangerous weapons charges pursuant to the aforementioned arguments will be denied.

### c. The numerous charges against Defendants for using a dangerous weapon in a crime of violence are multiplicitous and inconsistent with the plain language of the charging statute.

At the direction of the Court, the parties presented oral arguments on whether the numerous charges of using a dangerous weapon in a crime of violence leveled against each Defendant were multiplicitous. Multiplicity occurs when an information charges a single crime in several different counts.[19] The Information charges each Defendant with five (5) counts of using a dangerous weapon — one in connection with each underlying crime of violence alleged except for the charges of larceny. During oral arguments, Defendants contended that the charges were multiplicitous because they simply repeat the same crime, and therefore, they should be dismissed. The People countered that the multiplicity issue is premature at this stage of the proceedings. In the People's view,

Islands, and the person so wounded, injured, or poisoned dies thereof within the Virgin Islands, the person committing such crime is liable to punishment therefor in the Virgin Islands, and in such case the action therefor may be commenced and tried in the Virgin Islands." 14 V.I.C. § 83.

[17] This statute provides, in part, "The punishment prescribed by this title shall apply to whoever — commits, in whole or in part, any offense within the Virgin Islands. . . ." 14 V.I.C. § 81(1).

[18] *In re K.J.F.*, 59 V.I. at 341. The Supreme Court went on to further conclude that "section 81 permits the **prosecution** and punishment of any person who commits any offense in whole or in part in the Virgin Islands." *Id.* at 342 (emphasis added).

[19] *E.g., United States v. Kennedy*, 682 F.3d 244, 254-55 (3d Cir. 2012) (citations omitted); *United States v. Williams*, 527 F.3d 1235, 1241 (11th Cir. 2008) (citations omitted).

because none of the Defendants have been convicted of any of these charges at this time, they are not facing the risk of multiple punishments for the same crime.

■ Most cases involving the issue of multiplicitous charges focus on whether a defendant has been sentenced several times for committing the same criminal act or offense in violation of title 14, section 104 of the Virgin Islands Code[20] or the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.[21] However, multiplicity of criminal charges in an information or indictment also raises other significant concerns. In particular, a multiplicitous charge may leave a prejudicial impression on a jury at the commencement of trial that a defendant is alleged to have committed several crimes when, as a matter of law, he or she is only being accused of committing one crime.[22] The consequence of underestimating the unfairness of this improper charging practice is:

> [t]he very fact that a defendant has been arrested, charged, and brought to trial on several charges may suggest to the jury that he must be guilty of at least one of those crimes. Moreover, where the prosecution's evidence is weak, its ability to bring multiple charges may substantially

---

[20] *E.g., Thomas v. People*, 60 V.I. 185 (V.I. 2013); *Castillo v. People*, 59 V.I. 240 (2013). Title 14, section 104 of the Virgin Islands Code provides, "An act or omission which is made punishable in different ways by different provisions of this Code may be punished under any of such provisions, but in no case may it be punished under more than one. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other."

[21] *E.g., Clarke v. People*, D.C. Crim. App. No. 2004-85, 2013 U.S. Dist. LEXIS 157236 (D.V.I. App. Div. Oct. 28, 2013). The Fifth Amendment to the United States Constitution applies to the United States Virgin Islands pursuant to Section 3 of the Revised Organic Act of the Virgin Islands of 1954. *See* Revised Organic Act of the Virgin Islands 1954, as amended, § 3, 48 U.S.C. § 1561, *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 86-88 (1995) (preceding V.I. CODE ANN. tit. 1).

[22] 1A Wright, et al., FEDERAL PRACTICE AND PROCEDURE §142 (4th ed. Database updated Apr. 2013). *See also United States v. Jenkins*, 909 F. Supp. 2d 758, 779 (E.D. Ky. 2012) ("Multiplicity occurs when a defendant is charged for a single offense in multiple counts in an indictment, which raises the danger of either being punished twice **or** unfairly suggesting that more than one crime has been committed.") (emphasis added) (citing *United States v. Swafford*, 512 F.3d 833, 844 (6th Cir. 2008)); *United States v. Cooper*, 283 F. Supp. 2d 1215, 1233 (D. Kan. 2003) (". . . multiplicity presents the danger of multiple sentences for one offense **and** the improper impression to the jury that the defendant committed more than one crime.") (emphasis added) (citing *United States v. Morehead*, 959 F.2d 1489, 1504 (10th Cir. 1992)).

enhance the possibility that, even though innocent, the defendant may be found guilty on one or more charges as a result of a compromise verdict. The submission of two charges rather than one gives the prosecution the advantage of offering the jury a choice — a situation which is apt to induce a doubtful jury to find the defendant guilty of the less serious offense rather than to continue the debate as to his innocence.[23]

To avoid this weighty concern, a pretrial challenge to a charging document is authorized under Rule 12(b)(3) of the Federal Rules of Criminal Procedure, which are followed by this Court pursuant to Superior Court Rule 7.[24]

### 1. The numerous charges of using a dangerous weapon in a crime of violence are multiplicitous under Virgin Islands Supreme Court precedents.

██ In the present cases, the specific question presented is whether the multiple charges leveled against each Defendant under section 2251(a)(2)(B) are consonant with the intent of the Legislature as expressed in the language of the statute.[25] The critical issue is whether the Legislature intended for the charging statute to provide for singular or multiple crimes. In conducting this analysis, the trial court employs the applicable canons of statutory construction to determine whether the separate counts charged require proof of exactly the same elements.[26] Title 14, section 2251(a)(2)(B) of the Virgin Islands Code provides:

(a) Whoever

(2) with intent to use the same unlawfully against another, has, possesses, bears, transports, carries or has under his proximate control, a

---

[23] *Missouri v. Hunter*, 459 U.S. 359, 372, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983) (Marshall, J., dissenting) (citing *Chichos v. Indiana*, 385 U.S. 76, 81, 87 S. Ct. 271, 17 L. Ed. 2d 175 (1966)).

[24] *See, e.g., United States v. Ozbay*, 296 Fed. Appx. 148, 150 (2d Cir. 2008) (noting that a multiplicity challenge must be brought prior to trial and, if not, the argument is forfeited) (citations omitted); *United States v. Reedy*, 304 F.3d 358, 364 (5th Cir. 2004) (same) (citation omitted).

[25] 1A Wright, et al., FEDERAL PRACTICE AND PROCEDURE §142 (4th ed. Database updated Apr. 2013) ("Thus at its core, the issue of duplicity or multiplicity is one of statutory interpretation.").

[26] *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

dagger, dirk, dangerous knife, razor, stiletto, or any other dangerous or deadly weapon shall

(B) if he has previously been convicted of a felony, or has, possesses, bears, transports, carries or has under his proximate control, any such weapon during the commission or attempted commission of a crime of violence (as defined in section 2253(d)(1) hereof) shall be fined $10,000 and imprisoned not more than fifteen (15) years, which penalty shall be in addition to the penalty provided for the commission of, or attempt to commit, **the** crime of violence. (emphasis added).[27]

██ ██ The Supreme Court of the Virgin Islands has stated that the elements which must be proven to sustain a conviction under Section 2251(a)(2)(B) are: 1) that a defendant possess a dangerous weapon; and 2) with the intent to unlawfully use said weapon against another person.[28] The issue of whether the dangerous weapon was used in a crime of violence under subsection (B) is not an element of the crime, but, rather, a sentence enhancer which also must be found by a jury beyond a reasonable doubt.[29] Under the *Nanton* and *Powell* analyses of section 2251(a)(2)(B), the multiple counts asserted against each Defendant in these cases require proof of exactly the same elements and are not at all dependent upon which crime of violence is asserted. Thus, under *Nanton* and *Powell*, these multiple counts leveled against each Defendant are multiplicitous and render the present Information defective. Therefore, it must be amended to correct the prejudicial errors.

### 2. Even if the "crime of violence" were viewed as element of a crime under United States Supreme Court precedent, the manifold charges against each Defendant are multiplicitous.

██ ██ The Virgin Islands Supreme Court holdings in *Nanton* and *Powell* that the crime of violence issue was not an element of a crime

---

[27] In turn, title 14, section 2253(d)(1) of the Virgin Islands Code refers to 23 V.I.C. § 451(e), which states that a " 'crime of violence' means the crime of, or the attempt to commit, murder in any degree, voluntary manslaughter, rape, arson, discharging or aiming firearms, mayhem, kidnapping, assault in the first degree, assault in the second degree, assault in the third degree, robbery, burglary, unlawful entry or larceny."

[28] *Nanton v. People*, 52 V.I. 466, 480-81 (V.I. 2009).

[29] *Powell v. People*, 59 V.I. 444, 452 n.13 (2013) (citations omitted).

under section 2251(a)(2)(B) were, in part, premised upon the decision of the United States Supreme Court in *Apprendi v. New Jersey*.[30] Subsequently, the High Court revised the holding in *Apprendi* and stated that, pursuant to the Sixth Amendment to the United States Constitution, "[w]hen a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury."[31] Thus, under the Sixth Amendment,[32] as construed by the United States Supreme Court, any fact which triggers an increased sentencing range is an element of a separate crime and must be submitted to the jury as such.[33] The plain language of section 2251(a)(2)(B) clearly specifies that the finding of a crime of violence increases the potential range of punishment for a defendant. Also, upon conviction for using a dangerous weapon during a crime of violence, Virgin Islands law mandates a minimum term of incarceration and severely limits the availability of any statutory early-release provisions to that defendant.[34] Using an analysis of the section 2251(a)(2)(B) counts under *Alleyne* demonstrates that the charges are still multiplicitous.[35]

In ascertaining the legislative intent of the language used in Section 2251(a)(2)(B), this Court must apply the plain meaning of the

---

[30] 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

[31] *Alleyne v. United States*, 133 S. Ct. 2151, 2162, 186 L. Ed. 2d 314 (2013).

[32] The Sixth Amendment to the United States Constitution applies to the U.S. Virgin Islands pursuant to Section 3 of the Revised Organic Act. *See Thomas v. People*, 60 V.I. 690, 696 n.6 (V.I. 2014).

[33] *Id.* at 2162-63.

[34] *See* 14 V.I.C. § 2254.

[35] To date, the Supreme Court of the Virgin Islands has not issued an opinion on whether *Alleyne* alters its construction of the elements of a Section 2251(a)(2)(B) crime. Generally, federal courts, including the United States Supreme Court, do not have the authority to construe a state, or territorial, law differently from the highest court of that jurisdiction. *E.g., Johnson v. Fankell*, 520 U.S. 911, 916, 117 S. Ct. 1800, 138 L. Ed. 2d 108 (1997) (citations omitted). However, the decision in *Alleyne* was premised on the High Court's construction of the Sixth Amendment to the United States Constitution, and all courts in the country are bound by its decisions concerning federal constitutional principles. *E.g., Pennekamp v. Florida*, 328 U.S. 331, 335, 66 S. Ct. 1029, 90 L. Ed. 1295 (1946). In light of the foregoing competing interests, and for the sake of completeness, the Court will also analyze Section 2251(a)(2)(B) under *Alleyne*.

words used in the statutory provisions.[36] The statute clearly uses an indefinite article, stating that the additional punishment applies when the defendant is found to have used a deadly or dangerous weapon during the commission or attempted commission of "a" crime of violence. Plainly, the use of the term "a" in this statute refers to one of any of the crimes of violence listed in 23 V.I.C. § 451(e), and not to any specific crime of violence as repeatedly alleged in the current Information.[37] Therefore, under an *Alleyne* analysis the People must prove that each Defendant: 1) carried or possessed a deadly or dangerous weapon; 2) with the intention to unlawfully use that weapon against another person; and 3) he or she carried, possessed, or used the weapon in the attempted or actual commission of one or more crimes of violence and not any particular violent crime. These elements are the same in all of the numerous section 2251(a)(2)(B) counts charged against each Defendant. By use of the indefinite article "a" in section 2251(a)(2)(B), the Legislature of the Virgin Islands did not intend for there to be "separate units of prosecution" for each of the pertinent crimes of violence alleged in a single case.[38] Rather, proof beyond a reasonable doubt of any of the crimes of violence listed in title 23, section 451(e) of the Virgin Islands Code, in addition to the first two elements which must be found under *Nanton* and *Powell*, is all that is required to prove the separate crime under *Alleyne*.

▮▮▮▮▮ The use of the definite article "the" in the last sentence of the law does not alter this Court's analysis. Rather, it confirms that if a jury finds any crime of violence, the Court must impose a sentence for a violation of section 2251(a)(2)(B) separate from the punishment for

---

[36] *Lopez v. People*, 60 V.I. 536 (V.I. 2014); *Shoy v. People*, 55 V.I. 919, 926 (V.I. 2011).

[37] *See In re AJR*, 300 Mich. App. 597, 834 N.W.2d 904, 907 (2013) (". . . if the Legislature wants to refer to something particular, not general, it uses the word "the," rather than "a" or "an.") (citations omitted), *appeal granted*, 838 N.W.2d 138 (Mich. 2013); *Cook v. Carmen S. Pariso, Inc.*, 734 N.Y.S.2d 753, 758 (App. Div. 2001) (". . . the usual and ordinary meaning of 'a' is not 'one and only one', but rather 'any number of' or 'at least one' — not 'one and no more', but rather 'one or more.' ") (citations omitted); *BP America Production Co. v. Madsen*, 2002 WY 135, 53 P.3d 1088, 1091-92 (2002) ("Other courts agree that, in construing statutes, the definite article 'the' is a word of limitation as opposed to the indefinite or generalizing force of 'a' or 'an.' ") (citations omitted).

[38] *United States v. Platter*, 514 F.3d 782, 785 (8th Cir. 2008) (quoting *United States v. Ansaldi*, 372 F.3d 118, 124 (2d Cir. 2004), *cert. denied*, 543 U.S. 949, 125 S. Ct. 364, 160 L. Ed. 2d 266 (2004), and *cert. denied*, 543 U.S. 960, 125 S. Ct. 430, 160 L. Ed. 2d 324 (2004)).

whichever underlying crime of violence is found. What a trier-of-fact may consider to be a crime of violence in any given case is appropriately addressed through the jury instructions. The Court's decision in this regard is buoyed by the principle that where there is any question about whether a criminal statute imposes multiple punishments for the same criminal activity, the rule of lenity dictates that judicial tribunals construe the law as providing for a single penalty.[39] Based upon all of the foregoing precedents and reasoning, the Court concludes that the numerous charges against each Defendant under section 2251(a)(2)(B) are also multiplicitous under *Alleyne*.

### 3. The appropriate remedy is not to dismiss the many section 2251(a)(2)(B) charges, but to consolidate them into a single count against each Defendant.

The last question for the Court is what is the appropriate remedy to address the multiplicitous charges? Defendants believe that dismissal of the multiplicitous counts is proper, while the People suggest that removal of these counts is premature at this point in these proceedings. The Court did not find any binding cases on point in the Virgin Islands, and therefore looks to persuasive territorial precedent and cases from around the country to determine the proper remedy.[40] This review did not identify a clear majority rule, but revealed two general trains of thought.

Some cases support the People's position and hold that a pretrial dismissal of criminal counts on the basis of multiplicity is an improper remedy because it is premature.[41] The rationales for this rule are: 1) until a defendant is actually convicted on multiple counts, he or she is not exposed to multiple punishments for the same criminal act; and 2) after conviction a trial judge can identify and address any Double Jeopardy

---

[39] *Heflin v. United States*, 358 U.S. 415, 419, 79 S. Ct. 451, 3 L. Ed. 2d 407 (1959) ("We gave the Act that construction because we resolve an ambiguity in favor of lenity when required to determine the intent of Congress in punishing multiple aspects of the same criminal act.") (citing *Prince v. United States*, 352 U.S. 322, 328, 77 S. Ct. 403, 1 L. Ed. 2d 370 (1953)).

[40] *See Government v. Connor*, 60 V.I. 599 (V.I. 2014).

[41] *United States v. Josephberg*, 459 F.3d 350, 354-56 (2d Cir. 2006); *United States v. Sanford, Ltd.*, 859 F. Supp. 2d 102, 120-21 (D.D.C. 2012); *State v. Walker*, No. 17678, 2000 Ohio App. LEXIS 2952 (Ohio Ct. App. June 30, 2000).

concerns to protect the defendant from improper sanctions.[42] In addition, these courts rely on the precepts that the prosecution has the discretion to decide what charges should be brought, and there is no legal impediment to filing multiple criminal charges against a defendant under various statutes based on the same actions.[43]

■ Other courts have suggested that pretrial consolidation or merger of the multiplicitous counts or directing the prosecution to elect between counts are appropriate remedies.[44] At least one case in the Virgin Islands utilized this remedy in a pretrial context.[45] A decision to require the prosecutor to elect among or consolidate charges is discretionary with the trial judge.[46] The trial court retains this discretion to avoid the prejudice of intimating to a jury that a defendant is accused of committing more crimes than is proper, and to decrease the specter of a jury entering into a compromise verdict when multiple charges based upon the same conduct and statute are at issue.[47]

■ After due consideration of these options and the circumstances of this case, the Court concludes the appropriate remedy is to consolidate the five section 2251(a)(2)(B) charges against each Defendant into a single count against each Defendant. Permitting these cases to go to trial on the existing Information and addressing the possibility of Double Jeopardy issues after trial fail to resolve the Court's concern about the prejudice discussed above. Also, this case does not involve the prosecution's discretion on which of several criminal statutes to charge Defendants. Rather, what is at issue here is multiple counts involving the same statute based upon the prosecution's improper view of the pertinent statute. It is

---

[42] *United States v. Josephberg*, 459 F.3d at 355; *United States v. Sanford, Ltd.*, 859 F. Supp. 2d at 121.

[43] *United States v. Josephberg*, 459 F.3d at 355; *United States v. Sanford, Ltd.*, 859 F. Supp. 2d at 121 (citations omitted).

[44] *United States v. Johnson*, 130 F.3d 1420, 1426 (10th Cir. 1997) (election among multiplicitous counts); *United States v. Catherman*, No. 4:07-cr-00106-JEG, 2007 U.S. Dist. LEXIS 70708 (S.D. Iowa Sept. 24, 2007) (consolidating multiplicitous counts); *United States v. Bobo*, No. CRA 1:06-CR-0172-02-TWT-CCH, 2007 U.S. Dist. LEXIS 27124 (N.D. Ga. Feb. 20, 2007) (consolidating multiplicitous counts).

[45] *People v. Adams*, ST-08-CR-424, 2010 WL 7371482 (V.I. Super. Ct. Nov. 12, 2010) (Dunston, J.) (requiring the prosecution to remove multiplicitous counts).

[46] *United States v. Johnson*, 130 F.3d at 1426. *See also* 1A Wright et al., FEDERAL PRACTICE AND PROCEDURE at §145.

[47] *United States v. Johnson*, 130 F.3d at 1426.

the Court's and not the prosecution's duty to decide the correct construction of the laws of this Territory. Therefore, the concerns which underlie the line of cases stating that the multiplicity issue should be addressed post-trial are not present. There also are other reasons for using the consolidation remedy in this case.

In addition to giving the jury a false impression about the number of crimes properly charged against each Defendant, since the section 2251(a)(2)(B) counts are constructed improperly, and the jury will be read and may view those charges, they may be misled as to what is the correct legal charge. This concern about jury confusion is exacerbated by the fact that the charges are inconsistent with an accurate jury instruction on the elements of this crime. Finally, if the post-trial remedy is selected, and a Defendant convicted on several multiplicitous counts, the Court would be obligated to vacate the excessive convictions under the Double Jeopardy clause.[48] And, under Virgin Islands law, if convicted on the existing five weapons counts, each Defendant may only be punished on one such conviction.[49] The jurors in this case already will face the daunting challenges of deliberating and deciding the numerous counts in the Information, and must separately consider each count against each Defendant. In addition to being unfair, it is very inefficient to allow the legally deficient twenty five (25) weapons counts to go to the jury for deliberation when, even on the People's best day, only one conviction per Defendant would legally survive.[50] By consolidating these counts and properly instructing the jury on what constitutes a crime of violence, whether viewed as a sentence enhancer or an element of the crime, the People will have a full and fair opportunity to present all pertinent charges and evidence to the jury at trial. Concurrently, the trial will not be tainted by the potential prejudice to Defendants discussed above.

---

[48] *See Ball v. United States*, 470 U.S. 856, 864-65, 105 S. Ct. 1668, 84 L. Ed. 2d 740 (1985); *United States v. Lilly*, 983 F.2d 300, 305 (1st Cir. 1992) (citations omitted); *United States v. Bonavia*, 927 F.2d 565, 571 (11th Cir. 1991).

[49] *See* 14 V.I.C. § 104.

[50] *See* SUPER. CT. R. 1 (noting that the rules of this tribunal ". . . shall be liberally construed to secure simplicity and uniformity in procedure, fairness in administration and the elimination of unjustifiable expense and delay.").

## III. CONCLUSION.

The Court will deny Defendants' motion to dismiss the murder charges against them, as their arguments do not pass legal muster. However, the Court will consolidate the five (5) charges brought against each Defendant under section 2251(a)(2)(B) into a single charge against each Defendant. The People will be directed to file an amended information consistent with this opinion by a date certain in an appropriate order of even date.