22-3108-cr
*United States v. Doe*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand twenty-four.

PRESENT:  BARRINGTON D. PARKER,
          DENNY CHIN,
          JOSEPH F. BIANCO,
              *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            v.                                                    22-3108-cr

JOHN DOE, a/k/a SEALED DEFENDANT,
a/k/a JIMMY EARL McNEILL, a/k/a
MICHAEL GERARD SIMPSON,

                    *Defendant-Appellant*.

_____

FOR APPELLEE:                  Steven D. Clymer, Assistant United States
                               Attorney, *for* Carla B. Freedman, United
                               States Attorney for the Northern District of
                               New York, Syracuse, New York.

FOR DEFENDANT-APPELLANT:       Bobbi C. Sternheim, Law Offices of Bobbi C.
                               Sternheim, New York, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on December 6, 2022, is **AFFIRMED** as to Counts One and Four.  The judgment of conviction on Count Three is **REVERSED** and the case is **REMANDED** with instructions that the district court dismiss that count.  The restitution order is **VACATED** and the case is **REMANDED** to the district court for further proceedings consistent with this order.

Defendant John Doe appeals from a judgment of conviction entered after a jury trial at which he was found guilty of two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Counts One and Three), and one count of misuse of a Social Security number assigned to another person, in violation of 42 U.S.C. § 408(a)(7)(B) (Count Four). [1]  The government alleged that Doe had falsely used the name, Social Security number, and date of birth of another individual, Jimmy Earl McNeill, to obtain Supplemental Security Income ("SSI") benefits, and that he falsely represented McNeill's Social Security number as his own to two federal agents during an interview on June 24, 2021.  The counts of conviction, however, related only to Doe's alleged use of the false identity during the June 2021 interview with federal agents. Doe was sentenced principally to two concurrent twenty-four-month terms of imprisonment on Counts One and Three to run consecutively to a thirty-three-month term on Count Four, for a combined fifty-seven months' imprisonment, followed by three years of supervised release.  On appeal, Doe argues that the district court committed plain error when providing an incorrect

---

[1]  The jury did not reach a verdict with respect to Count Two, alleging supplemental social security benefits fraud, in violation of 42 U.S.C. § 1383a(a)(3)(A).  The district court granted a mistrial as to that count and subsequently dismissed it.

limiting instruction to the jury regarding certain evidence, thereby denying Doe a fair trial. Separately, the government and Doe agree that the case should be remanded to the district court to: (1) dismiss the conviction on Count Three as multiplicitous, and (2) correct and clarify the basis for the restitution award. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## I.  Limiting Instruction

Doe argues that he is entitled to a new trial because the district court gave an erroneous limiting instruction to the jury, under Federal Rule of Evidence 105, when admitting a criminal history report and fingerprint cards demonstrating Doe's use of a name other than Jimmy Earl McNeill during prior arrests.

Federal agents executing a search warrant at Doe's residence found, in his bedroom, a criminal history report for "Michael Gerard Simpson," with an alias of Jimmy Earl McNeil. The government then obtained two fingerprint cards for arrests reflected on that report, both associated with an arrestee who had used the name Michael Gerard Simpson.[2]  Before trial, the government moved *in limine* for admission under Rule 404(b) of the criminal history report and two fingerprint cards, contending that the evidence proved Doe's "knowledge, intent, plan, and lack of accident or mistake when he used McNeill's identity and [S]ocial [S]ecurity number to obtain SSI benefits." Gov't App'x at 7. The government offered to redact any information concerning the nature of the arrests that resulted in Doe's fingerprinting, and Doe's counsel did not object to the admission of

---

[2]  The fingerprints on one of the two cards, dated June 1989, matched Doe's fingerprints, but the inked fingerprints on the other card, dated March 1988, were not of sufficient quality to use for comparison. Moreover, according to the government, the "Michael Simpson" signatures on the 1988 and 1989 fingerprint cards appeared to have been written by the same person.

this evidence.  *Id.* at 27.

During trial, the report and fingerprint cards, with the agreed-upon redactions, were admitted without objection from defense counsel.  When the documents were being published to the jury, the district court *sua sponte* gave a limiting instruction incorrectly explaining that the evidence "shows that on a different occasion the defendant allegedly engaged in conduct the government claims is similar to the charges in the superseding indictment."  Trial Tr. at 266.  The district court further instructed the jury that the evidence could not be used as a substitute for proof on the charged crimes but could be considered "only to the extent that it bears on the defendant's knowledge, intent, plan, and lack of accident or mistake when, as alleged in the superseding indictment, he used—he used Jimmy Earl McNeill's identity and Social Security number to obtain Supplemental Security Income benefits."  Trial Tr. at 267.  The district court gave a substantially identical limiting instruction later in the trial, when the government used a demonstrative exhibit relating to the fingerprint cards.

Doe's counsel did not object to either instruction.  However, after both parties rested, the government asked the district court to modify a similar version of the limiting instruction that the court had proposed including in its final jury charge, in order to remove a reference to allegedly similar prior conduct and merely specify that the evidence could be considered to prove that the defendant previously used a different name.  Doe's counsel did not object to the government's proposal, which the district court then adopted.

Although Doe does not challenge the revised language contained in the final jury charge, he argues that the erroneous limiting instruction regarding the nature of this Rule 404(b) evidence, given to the jury twice during the trial, deprived him of a fair trial.  We disagree.

Under Rule 105, if a district court admits evidence that is admissible for one purpose, but

not for another, "the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly." Fed. R. Evid. 105. "A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *United States v. Bahel*, 662 F.3d 610, 634 (2d Cir. 2011) (internal quotation marks and citation omitted). Where, as here, the challenge to a jury instruction was not adequately preserved before the district court, we review for plain error. *United States v. Miller*, 954 F.3d 551, 557 (2d Cir. 2020). Thus, in assessing whether a district court's jury instructions were plainly erroneous, we consider whether: (1) "there is an error"; (2) that "is clear or obvious"; (3) that "affected the appellant's substantial rights" in that "it affected the outcome of the district court proceedings"; and (4) that "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks and citation omitted). "As to the third and fourth requirements, to have impacted [a defendant's] substantial rights and the fairness, integrity or public reputation of the judicial proceedings, the overall effect of the error must have been sufficiently great that there is a reasonable probability that the jury would not have convicted absent the error." *United States v. Laurent*, 33 F.4th 63, 86–87 (2d Cir. 2022) (alterations adopted) (internal quotation marks and citation omitted). In other words, "if we can be confident that the jury would have convicted in the absence of the error, the error does not meet the plain error standard." *Id*. at 87 (alteration adopted) (internal quotation marks and citation omitted).

As the government concedes, the district court erred during its limiting instructions in the trial by characterizing the defendant's conduct, which was offered by the government under Rule 404(b), as "similar" to the charged crimes. The government's prior-name evidence was offered to prove solely that Doe had used a different name, Michael Gerard Simpson, during previous

interactions with law enforcement. The evidence was not offered to demonstrate that Doe had previously been engaged in similar criminal acts, namely, aggravated identity theft or crimes related to fraudulently obtaining Social Security benefits. Notwithstanding this error, we conclude that a new trial is unwarranted because Doe has failed to demonstrate, under the plain error standard, that there is a reasonable probability that the jury would not have convicted him absent the error.

First, the erroneous characterization of the Rule 404(b) evidence by the district court in the limiting instruction, given twice during the trial, was corrected by the district court in its final charge to the jury prior to their deliberations. In particular, in the final charge, the district court instructed the jury that "[t]he government ha[d] offered evidence tending to show that, on a different occasion, the defendant had gone by the name 'Michael Gerard Simpson' when he had encounters with law enforcement in Florida in 1988 and 1989," thereby omitting the language about "similar conduct" to the charged crimes that was contained in its earlier limiting instructions. Trial Tr. at 405. The district court also provided the jury with a written copy of the final jury charge that contained this corrected language for use during deliberations.

When a court "delivers a timely curative instruction, we ordinarily may presume that the jury adhered to that correction unless there is an overwhelming probability that the jury was unable to follow the court's instructions." *United States v. Salameh*, 152 F.3d 88, 144 (2d Cir. 1998) (per curiam) (alteration adopted) (internal quotation marks and citation omitted). We do so "unless 'there is an overwhelming probability that the jury was unable to follow the court's instructions and the evidence is devastating to the defense.'" *Id.* (alteration adopted) (quoting *United States v. Colombo*, 909 F.2d 711, 715 (2d Cir. 1990)). Here, there is no reason to believe that the jury was unable to follow the corrected final instruction. That conclusion is buttressed by the fact that the

incorrect portion of the earlier limiting instructions had no factual basis in the record. In particular, there was no evidence, not even an allegation, that Doe had engaged in criminal activity other than the charged crimes. Moreover, this limited Rule 404(b) evidence was far from devastating to the defense, as evidenced by the government only briefly referencing that evidence in its opening and summation. Thus, we have no reason to doubt that the jury understood and followed the district court's corrected limiting instruction.

Second, the evidence of Doe's guilt was overwhelming. That evidence included testimony from the real Jimmy Earl McNeill and McNeill's sister, fingerprint and DNA evidence, testimony from Doe's representative payee caseworkers, testimony from the special agents of the Social Security Administration Office of Inspector General ("SSA-OIG") who interviewed him and executed a search warrant at his residence, and supporting documentary evidence, including, *inter alia*, a copy of McNeill's Social Security card bearing a signature visibly different from the way Doe signed McNeill's name and a copy of the background check report for a "Michael Gerard Simpson" that was found in a locked drawer in Doe's bedroom alongside McNeill's Social Security card and birth certificate. Indeed, although defense counsel made several arguments on collateral issues in summation, none of them undercut or even addressed this compelling evidence establishing that Doe was not the real Jimmy Earl McNeil, and that Doe had fraudulently used McNeill's name, Social Security number, and date of birth in the June 2021 interview with SSA-OIG agents. *See United States v. Peña*, 58 F.4th 613, 622 (2d Cir. 2023) (holding that instructional error was harmless when evidence of guilt was overwhelming such that the jury verdict would have been the same absent the error); *United States v. Lombardozzi*, 491 F.3d 61, 75–77 (2d Cir. 2007) (finding harmless error where defendant's affiliation with organized crime could have been inferred from other evidence).

7

In sum, given the corrected limiting instruction in the final charge and the overwhelming evidence of Doe's guilt, we conclude that Doe has failed to establish that there is a reasonable probability that the earlier erroneous language in the limiting instruction affected the jury's verdict in this case. Accordingly, the erroneous language in the limiting instruction given during trial did not deprive Doe of a fair trial.

## II.     Multiplicity

Both Doe and the government assert that the conviction on Count Three is multiplicitous of the conviction on Count One and, thus, should be vacated.[3] We agree.

An indictment is multiplicitous and violates the Fifth Amendment's Double Jeopardy Clause "when it charges a single offense as an offense multiple times, in separate counts, when, in law and fact, only one crime has been committed." *United States v. Chacko*, 169 F.3d 140, 145 (2d Cir. 1999) (footnote omitted). Here, Counts One and Three of the superseding indictment each alleged that Doe committed aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), when Doe knowingly used, without lawful authority, the identification of another person during questioning by two SSA-OIG agents on June 21, 2021. Count One alleged that, during the interview, Doe "identified himself using a name, date of birth, and Social Security number that did not belong to him," while Count Three alleged that Doe "identified himself using a Social Security number that did not belong to him" during the same interview. App'x at 15–17. The only difference was that Count One alleged that Doe used means of identification that did not belong to him "during and in relation to a felony violation of Title 42, United States Code, Section 1383a(a)(3)(A)," while Count Three alleged that Doe did so "during and in relation to a felony

---

[3] Although Doe did not challenge Counts One and Three below or in his opening appellate brief as multiplicitous, the government does not argue waiver or otherwise raise any timeliness issues under Federal Rule of Criminal Procedure 12(b)(3)(B)(ii). Therefore, we proceed to the merits.

8

violation of Title 42, United States Code, Section 408(a)(7)(B)." App'x at 15–16. Therefore, Doe was sentenced on two counts of aggravated identity theft under Section 1028A(a)(1), alleging different predicate felony offenses that were both based on the same criminal episode—namely, Doe's statements in the June 2021 interview with SSA-OIG agents during which he impersonated Jimmy Earl McNeill. Under these circumstances, the convictions were multiplicitous. *See, e.g.*, *United States v. Wallace*, 447 F.3d 184, 188–90 (2d Cir. 2006) (holding that multiple counts under 18 U.S.C. § 924(c)(1), each alleging a different predicate offense based on a "drug trafficking crime" or "crime of violence," but arising from a single criminal episode, are multiplicitous).

With respect to the remedy, "[i]f the jury convicts on more than one multiplicitous count, the defendant's right not to suffer multiple punishments for the same offense will be protected by having the court enter judgment on only one of the multiplicitous counts." *United States v. Josephberg*, 459 F.3d 350, 355 (2d Cir. 2006) (per curiam). "Or, if judgment of conviction has been entered on more than one such count, the district court should vacate the conviction on all but one." *Id*. Here, because a judgment of conviction has been entered on both counts, Count Three should be vacated and dismissed. However, re-sentencing on the remaining two counts of conviction is unnecessary because the district court imposed the sentence on Count Three to run concurrently to Count One, thereby resulting in no additional punishment, and no fine was imposed on either count. *See United States v. Coiro*, 922 F.2d 1008, 1018 (2d Cir. 1991) (concluding that resentencing was not required after the vacatur of the multiplicitous count "since the prison sentences on [the vacated counts] are concurrent and no fine was imposed on either count").

Accordingly, we vacate the judgment of conviction on Count Three, and remand to the district court with instructions to dismiss it.

9

## III.    Restitution

At sentencing, without objection by either party, the district court ordered Doe to pay restitution in the amount of $838,457.78, consisting of:  (a) $249,811.93 to the Social Security Administration to compensate for SSI benefits Doe received by using the name, date, and Social Security number of Jimmy Earl McNeill; and (b) $588,645.85 to various New York State counties which, according to the Pre-Sentence Report, represented New York State benefits Doe received using McNeill's personal identification information.  The benefits that were the subject of the restitution order included benefits he received from 1997 to 2021.

Although not raised by Doe in the district court or in his opening brief on appeal, the government notes that the district court committed plain error to the extent that it required Doe to pay restitution for benefits paid to him before March 4, 1999, which is the date his criminal conduct was alleged to have commenced.  The government also recommends we consider instructing the district court on remand that it should re-open the restitution issue more broadly "to more fully develop the record and explain the legal and factual basis for any resulting restitution order" because of the lack of clarity as to how that award relates to the only remaining offense of conviction—namely, Count One.  Gov't Br. at 52.  In his reply, Doe agrees with the government's analysis and recommendation with respect to the remand on the restitution order.  We agree that the recommended remand is warranted.

We generally review a restitution order for abuse of discretion.  *United States v. Gushlak*, 728 F.3d 184, 190 (2d Cir. 2013).  "Where [the appellant] challenges the district court's finding of facts, we review for clear error; where his arguments raise questions of law, our review is de novo."  *Id*. at 190–91 (citation omitted).  However, where there is no objection to the restitution order at the time of sentencing, we review for plain error.  *United States v. Zangari*, 677 F.3d 86,

10

91 (2d Cir. 2012).

The Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, provides in pertinent part that "when sentencing a defendant convicted of [specific offenses, including an offense against property under Title 18 or one in which an identifiable victim has suffered pecuniary loss], the court shall order, in addition to . . . any other penalty authorized by law, that the defendant make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii), (c)(1)(B). In determining whether a victim is entitled to restitution under the statute, we must "identify the offense of conviction and . . . ascertain whether the putative victim was directly and proximately harmed by the defendant's commission of that offense." *United States v. Goodrich*, 12 F.4th 219, 228 (2d Cir. 2021) (internal quotation marks omitted). Restitution is only available "for the loss caused by the specific conduct that is the basis of the offense of conviction." *United States v. Vilar*, 729 F.3d 62, 97 (2d Cir. 2013) (quoting *Hughey v. United States*, 495 U.S. 411, 413 (1990)). Thus, a loss caused by "relevant conduct" as defined in U.S.S.G. § 1B1.3, which is properly used to determine a defendant's base offense level under the Guidelines, may not be compensable under the MVRA. *Id*. at 96–97.

Here, as reflected in Count Two, the superseding indictment alleged that Doe's criminal conduct with respect to the SSI fraud began on or about March 4, 1999. However, the restitution award included various government benefits received by Doe beginning in 1997, approximately two years before the criminal conduct allegedly commenced. The inclusion of those benefits in the restitution order was plain error warranting a remand.

In light of that remand, we agree with the parties that the district court should reconsider the grounds for the remainder of the restitution order. More specifically, the only offense of

11

conviction that can provide a basis for a restitution order is Count One.[4]  However, Count One describes an offense—aggravated identity theft—that occurred on or about June 24, 2021 in connection with Doe's interview with federal agents.  The record demonstrates that Doe had received all or most of the benefits for which he must pay restitution under the district court's order before that date.  Moreover, although the predicate felony offense alleged in Count One, SSI fraud in violation of 42 U.S.C. § 1383a(a)(3)(A), is the same offense charged in Count Two—which alleges a date range from on or about March 4, 1999 to on or about June 24, 2021—Count One did not expressly incorporate Count Two.  For these reasons, and because the district court did not state the grounds for ordering restitution on the counts of conviction, the record is unclear regarding the legal basis for requiring Doe to pay restitution as to benefits he received prior to June 24, 2021.[5]  *See United States v. Pearson*, 570 F.3d 480, 487 (2d Cir. 2009) (per curiam) ("remand[ing] the case simply to secure a more thorough explanation from the district court as to the basis for its restitution determination" and vacating the restitution order to "afford the district court flexibility to adjust the award" if it deems such adjustments are warranted).

---

[4]  Count Four, which charged misuse of a Social Security number assigned to another person during the June 2021 interview, in violation of 42 U.S.C. § 408(a)(7)(B), cannot qualify as an offense for which restitution can be ordered under the MVRA.  *See* 18 U.S.C. § 3663A(c)(1)(A) (describing qualifying offenses).  The government further concedes that Doe's misuse of the Social Security number during the June 2021 interview "was not the direct and proximate cause of financial harm to any victim named in the district court's restitution order."  Gov't Br. at 50–51 n.20.

[5]  The government notes that, although Count One does not expressly incorporate in the indictment the SSI fraud charged in Count Two, the jury was instructed that "[w]ith regard to Count #1, the government must prove that the defendant used or possessed the means of identification during and in relation to the offense [of] Supplemental Security Income fraud charged in Count #2," Trial Tr. at 413, and that "the means of identification must facilitate or further, or have potential [for] facilitating or furthering the crime charged in Count #2," *id*. at 414.  Some of our sister circuits have allowed courts to consider only the indictment when calculating restitution based on the counts of convictions.  *See, e.g.*, *United States v. Allen*, 983 F.3d 463, 472–73, 473 n.4 (10th Cir. 2020); *United States v. Benedict*, 855 F.3d 880, 887 (8th Cir. 2017); *United States v. De Leon*, 728 F.3d 500, 507 (5th Cir. 2013); *United States v. Jones*, 641 F.3d 706, 714 (6th Cir. 2011).  We have never decided this legal issue.

Accordingly, the district court should consider that issue on remand with respect to the restitution order and provide the grounds for its decision.

*                *                *

We have considered Doe's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court as to Counts One and Four. We **REVERSE** the judgment of conviction on Count Three and **REMAND** the case with instructions that the district court dismiss that count. We **VACATE** the restitution order and **REMAND** the case to the district court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

13